UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Conrad L. Slocumb,<br><br>      Plaintiff,<br><br>v.<br><br>Dr. B. Wood, Psychiatrist, KCI Medical; Dr. Tomichaco, MD, SCDC Medical Director; Ms. Thomas, RN, HCA, KCI Medical; Ms. Richberg, CCV, KCI Mental Health; Mr. Goodson, CCIV, KCI Mental Health; Ms. Earle, Program Ass., KCI R&E, Mr. Robert W. Ward, Deputy Director for SCDC; Mr. Bernard McKie, Warden KCI; SCDC Director Mr. Byars; James S. Drake, "Gilliam Hos" Administrator, individually and officially,<br><br>      Defendants. | Civil Action No. 9:13-1671-BHH<br><br>**OPINION AND ORDER** |

The plaintiff Conrad L. Slocumb ("the plaintiff"), proceeding *pro se*, brought this action pursuant to Title 42, United States Code, Section 1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial handling and a Report and Recommendation ("Report").

On March 11, 2014, Defendants Dr. B. Wood, Dr. Tomichaco, Ms. Thomas, Ms. Richberg, Mr. Goodson, Ms. Earle, Mr. Robert W. Ward, Mr. Bernard McKie, SCDC Director Mr. Byars, and James S. Drake ("the defendants") filed a motion for summary judgment. (ECF No. 34.) Since the plaintiff is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on March 11, 2014, advising the plaintiff of the importance of a dispositive motion and of the need for him to file

an adequate response. (ECF No. 35.) The plaintiff filed a response in opposition (ECF No. 37), and the defendants filed a reply (ECF No. 41). On September 9, 2014, Magistrate Judge Marchant issued a Report recommending that the defendant's motion for summary judgment be granted because, *inter alia*, the plaintiff has failed to present any competent evidence that any named defendant was deliberately indifferent to the plaintiff's serious medical needs. (ECF No. 48 at 12.). The Magistrate Judge advised the plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. (ECF No. 48 at 28.) The plaintiff filed no objections and the time for doing so expired on October 17, 2014.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

After reviewing the motion and response, the record, and the Report and

Recommendation of the Magistrate Judge, the Court finds no clear error. Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 48) by reference into this order. It is therefore ORDERED that the defendants' motion for summary judgment (ECF No. 34) is GRANTED, and this case dismissed.

    IT IS SO ORDERED.

                                              /s/ Bruce Howe Hendricks
                                              United States District Judge

Greenville, South Carolina
October 28, 2014